IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GWENDOLYN CAMILLIA WALLACE, | ) | Case No: 3:25-bk-01435 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge King |
| | ) | |
| | ) | |
| NAPOLEAN EDMONDSON, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GWENDOLYN CAMILLA WALLACE, Debtor, | ) | |
| EVA M. LEMEH, Trustee, DEUTSCHE BANK | ) | |
| TRUST COMPANY as Trustee for GSAA HOME | ) | |
| EQUITY TRUST, 2007-5 ASSET BACKED | ) | |
| | ) | |
| Respondents. | ) | |

**Response Deadline: Tuesday, May 27, 2025**
**Preliminary Hearing: Tuesday, June 3, 2025**

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Eva M. Lemeh, Chapter 7 Trustee herein (the "Trustee"), respectfully files this response in opposition to the Motion for Relief from Automatic Stay (the "Motion")(Docket No. 23) filed by Napoleon Edmondson ("Edmondson"):

1) On April 4, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for Chapter 7 relief under the U.S. Bankruptcy Code. On the Petition Date, the Debtor filed her statements and schedules outlining all of her assets and liabilities (*See* Docket No. 1).

2) The Debtor's statements and schedules listed an ownership interest in real property located at 120 Islandia Drive, Nashville, TN 37217 (the "Real Property"). Upon information and belief, the Debtor owns the Real Property as a co-tenant with Edmondson.

Edmondson inherited his interest in the Real Property from his father, Napoleon Glass ("Glass"), upon his father's death. Prior to his death, the Debtor co-owned the Real Property with Glass.

3) The Debtor's ownership interest in the Real Property is property of the bankruptcy estate pursuant 11 U.S.C. § 541.

4) Edmondson alleges that the original June 2019 deed that transferred a portion of the Real Property from Glass fee simple to Glass and Debtor as co-tenants was fraudulently executed.

5) Edmondson further asserts that he must file a lawsuit against the Debtor in state court before the expiration of his statute of limitations. As of the Petition Date, almost six (6) years after the execution of the original deed, Edmondson had not file a lawsuit against the Debtor seeking a recission of the deed.

6) While the Motion seeks a lifting of the stay, there is no mention of what particular section of 11 U.S.C. § 362 allows for Edmondson to have the stay lifted. The Trustee asserts that the only appropriate subsection to determine relief from the automatic stay in this case is 11 U.S.C. § 362(d)(1), which states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

7) Subsection (d)(1) allows relief from the automatic stay "for cause", which is not defined within the Bankruptcy Code. A decision on whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court. *In re Martin*, 542 B.R. 199, 202 (6th Cir. BAP 2015). The Sixth Circuit considers the following factors in deciding whether to lift the automatic stay in matters such as this: 1) judicial economy, 2) trial readiness, 3) the resolution of

preliminary bankruptcy issues; 4) the creditor's chance of success on the merits, and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *Garzoni v. K-Mart Corp*., 35 Fed. Appx. 179 (6th Cir. May 8, 2002).

8) The Trustee intends on filing an adversary proceeding against Edmondson, pursuant to 11 U.S.C. §§ 363(h) and 548, to both set aside a 2022 Quitclaim Deed in which the Debtor granted a portion of her interest in the Real Property to Edmondson and for the authority to sell the Real Property and partition the proceeds between the owners.

9) Allowing Edmondson to file a state court lawsuit against the Debtor (and estate) regarding the Real Property is a waste of judicial resources and would require the bankruptcy estate to fight Edmondson on two fronts (in both state and federal court) regarding the Real Property. Furthermore, given that the Debtor's interest in the Real Property is property of the estate, any determination as to the Real Property should be made by this Court. All of these issues (to the extent Edmondson's assertions have any merit) should be addressed in one place by this Court.

10) As mentioned above, Edmondson has yet to file a lawsuit against the Debtor. As admitted in the Motion, Edmondson has known that he may or may not have a cause of action for over five (5) years. Edmondson now wants this Court to lift the stay so he can run to state court and file a lawsuit that he could have filed anytime over the last five (5) years. This is a time emergency of Edmondson's own creation. Furthermore, allowing a state court to adjudicate this matter would take over two (2) years, which would be greatly prejudicial to the Trustee and estate. The first factor, judicial economy, weighs in favor of the Trustee.

11) Courts have declined to lift the stay when a lawsuit has not progressed to the discovery stage, much less when a lawsuit has yet to be filed. *See Sonnax Indus., Inc. v. Tri*

*Component Prod. Corp. (In re Sonnaz Indus)*, 907 F.2d 1280, 1287 (2d Cir. 1990)(declining to lift a stay in part because "the litigation in state court has not progressed even to the discovery stage."). The second factor, trial readiness, weights in favor of the Trustee.

12) The third factor, the resolution of preliminary bankruptcy issues, weighs heavily in the favor of the estate and Trustee. This Court is the appropriate venue for the determination of what is or is not property of the bankruptcy estate. All issues in this matter (those asserted by Edmondson and those asserted by the Trustee) are bankruptcy issues. "The determination of the property of the bankruptcy estate is a core proceeding arising under the Bankruptcy Code at 11 U.S.C. § 541(a)." *See Bedwell v. HHHH Dev., Inc.* 2020 Bankr. LEXIS 2488 at *14 (Bankr. W.D.TN Sept. 1, 2020).

13) The fourth factor is the movant's chance of success on the merits. Admittedly, it is difficult to determine the weight the Court should put into this factor. Edmondson has outlined several accusations in his Motion and included a significant amount of medical records and other documents. These are, however, only circumstantial and the Trustee asserts that much of the records included with the Motion may not be admissible in this Court or a potential state court. The best witness to determine Mr. Edmondson's claims, Mr. Glass, is deceased. The Trustee asserts that this factor should have little weight on the Court's determination as to whether to lift the stay.

14) Finally, lifting the automatic stay to allow Edmondson to pursue a state lawsuit would have a significant detrimental impact on the Trustee, the bankruptcy estate, and consequently the Debtor's creditors. Lifting the automatic stay would force the Trustee to fight the same claims in two different venues and expend twice the necessary legal expenses on duplicative issues. No only does it force the Trustee to litigate in two different venues, the attorney's fees

necessary for that litigation diminish any potential recovery that would be available for the creditors.

15) The Trustee asserts that the five factors outlined above illustrate to the Court that cause does not exist to lift the stay to allow Edmondson to pursue a (yet to be filed) state lawsuit against the Debtor.

16) The Trustee respectfully requests that this Court deny Edmondson's Motion to the lift the automatic stay because Edmondson has failed to demonstrate the cause exists under 11 U.S.C. § 362(d)(1).

Dated this 27th day of May, 2025.

Respectfully Submitted,

*/s/ Justin T. Campbell*

Justin T. Campbell (Tn Bar No. 031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel: 615.465.6015
Email: justin@thompsonburton.com

*Counsel for Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served this 27th of May 2025, upon all parties of record requesting notice through the Court's electronic filing system, and to the following parties via first class, U.S. Mail, postage prepaid:

Rodney L. Caldwell
Flexer Law, PLLC
121 East Main Street
Murfreesboro, TN 37130

/s/ Justin T. Campbell
Justin T. Campbell